THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:15-CV-0057-BR

**Rodney Cherry,**

               Plaintiff,

v.

**Michael Hernandez**, et al.,

               Defendants.

**Order &
Memorandum & Recommendation**

      Plaintiff Rodney Cherry requests permission to proceed with his lawsuit without paying the filing fees and other costs typically associated with initiating a civil action, otherwise known as proceeding *in forma pauperis* ("IFP"). In connection with its evaluation of this request, the court must also make an initial inquiry into the viability of his claims. If the court determines that Cherry's Complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. 28 U.S.C. § 1915(e). After reviewing Cherry's financial affidavit and his Complaint,[1] the court orders that his IFP application is granted. However, the undersigned recommends that the district court dismiss the Complaint with prejudice because it was filed well outside the applicable limitations period.

### Application to Proceed in District Court without Prepaying Fees or Costs

      Cherry's IFP Application (D.E. 1) states that he has approximately $1,900.00 in monthly income and over $2,200.00 in expenses. It further avers that he has incurred medial bills and is subject to garnishment of wages for taxes. The court finds that Cherry lacks sufficient resources to pay the required filing fee and other costs associated with litigation. Therefore, the court

---

[1] The district court referred this matter to the undersigned to conduct a frivolity review pursuant to 28 U.S.C. § 636(b)(1).

grants Cherry's IFP Application I'm about to and he may proceed without full prepayment of costs.

**Frivolity Review**

As indicated above, after determining that Cherry may proceed without prepayment of fees or cost, the court must analyze the viability of the claims contained in the complaint to determine if it is appropriate to allow the case to proceed. If the Complaint, either in whole or in part, is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, it must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

A review of the Complaint demonstrates that Cherry's claims are barred by the statute of limitations. Cherry's Complaint asserts claims under 42 U.S.C. § 1983 for unlawful arrest, excessive force, and unlawful detention or imprisonment arising out of his arrest in 1997. Although Section 1983 does not contain its own statute of limitations, the United States Supreme Court has held that federal courts should adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). In North Carolina, the statute of limitations for Section 1983 actions is three years. *Love v. Alamance County Bd. of Educ.*, 757 F.2d 1504, 1506 (4th Cir. 1985). Similarly, the statute of limitations for Section 1983 claims under New York law is three years. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).

The statute of limitations begins to run from the time when a plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). *Accord Shomo v. City*

2

Case 4:15-cv-00057-BR   Document 4   Filed 04/23/15   Page 2 of 3

*of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Here, Cherry possessed sufficient facts to uncover the cause of action contained in the Complaint at the time of his arrest in 1997. Accordingly, Cherry's claims were barred by the statute of limitations in 2000, almost 15 years before he filed his Complaint in this case. Under these circumstances, his Complaint cannot withstand a frivolity review.

## Conclusion

For the reasons stated above, Cherry's IFP Application is granted and it is recommended that the court dismiss his Complaint with prejudice.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining *de novo* review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

Dated: April 23, 2015

*Robert T. Numbers II*
_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE