UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:15-CV-57-BR

| | |
|---|---|
| RODNEY L. CHERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| NEW YORK POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the 23 April 2015 Memorandum and Recommendation ("M&R") of U.S. Magistrate Judge Robert T. Numbers, II. (DE # 4.) In the M&R, Judge Numbers concluded that plaintiff could not maintain this 42 U.S.C. § 1983 action against defendants because plaintiff's claims are barred by the applicable statute of limitations. (Id. at 3.) Accordingly, Judge Numbers recommends that plaintiff's complaint be dismissed as frivolous. (Id.) Plaintiff filed an objection to the M&R. (DE # 6.) As such, the court has conducted a *de novo* review of the M&R. See 28 U.S.C. § 636(b)(1).

In his objection to the M&R, plaintiff relies on the grounds that he has continued to suffer from injuries resulting from the alleged constitutional violations for the past 18 years and that he still has not been exonerated of the purportedly frivolous criminal charges. (DE # 6, at 1.) These grounds do not delay the start of the statute of limitations period. See Wallace v. Kato, 549 U.S. 384, 389 (2007) (the limitations period for false imprisonment claim under § 1983 begins to run when the alleged false imprisonment ends); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 389 (4th Cir. 2014) ("'Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action' against a defendant—that is, when the plaintiff knows or has reason to know of his injury." (quoting Wallace, 549 U.S at 388));

<u>Mowatt v. Chick</u>, Civil Action No. DKC-09-3377, 2011 WL 2711167, at *3 (D. Md. July 8, 2011) ("[A] claim of excessive use of force during an arrest accrue[s] on the date of the alleged incident." (citation omitted)). Plaintiff was arrested, tried, convicted, detained, and apparently released all in 1997. (Compl., DE # 5, ¶¶ 4, 4-11, 4-13.) As plaintiff recognizes, his injuries began at that time. The magistrate judge correctly concluded that the statute of limitations has long ago run.

Plaintiff's objection to the M&R is OVERRULED, and the court ADOPTS the M&R as its own. This case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to close this case.

This 9 June 2015.

_____
W. Earl Britt
Senior U.S. District Judge

2

Case 4:15-cv-00057-BR   Document 7   Filed 06/09/15   Page 2 of 2